Good morning your honors, may it please the court, my name is Manuel Suarez, I am the respondent in this case. I am also known as Manny Suarez. I would like to start with a jurisdictional issue, which is a threshold issue. My contention is that Supreme Court of Puerto Rico did not have disciplinary jurisdiction over this case, over this complaint, because all of the facts took place in the Southern District of Florida, located in Miami. I understand that there is preemption in this case, because the local rules are the equivalent to a federal statute and federal regulations, and the local rules of the District of Florida, Southern Bar Association inspired rules of conduct of the State of Florida. Those rules of the State of Florida, incorporated by reference by the local local rules of the Southern District of Florida, preempts completely. This is a full preemption of the American Bar of the Puerto Rico Code of Conduct of preemption, and this is a situation that I encountered when the case was being ventilated and adjudicated by the Supreme Court of Puerto Rico. My first problem was that I did not have access to witnesses that would testify in my favor, and those witnesses were the attorneys for American Airlines, and I really wanted to have them in my side, because they would have told the judge, the commissioner, Eliadis Orsini-Zayas, that federal rules require, the diversity statute requires, that when a case is sitting in Florida, Florida law applies. I found myself in a situation where the judge, the commissioner, knowing this, nevertheless disregarded that fact, and applied the rules of the Commonwealth of Puerto Rico Code of Ethics, and now this puts me in a situation where I could not defend myself, because my defense was that I fully complied with the local rules of Florida, of the Southern District of Florida in Miami, including the prohibition that because I'm not a member of the Bar of the Southern District of Florida, I could not litigate in that state. It was unlawful for me to appear in the initial scheduling conference that the Miami court issued. This is standard procedure. Everyone, every case that starts, starts with an initial scheduling conference. The Supreme Court of Puerto Rico explicitly suspended me from practice, because I did not appear in the initial scheduling conference that I was prohibited from I was an attorney admitted in that forum. Now how I am in this situation, your honors, where by complying with the rules, local rules of Miami, I am not complying with the local rules of Puerto Rico. So that's a catch-22, that to me is unconstitutional. The other thing that really concerns me is the precedent that this case creates, because there's a lot of Puerto Ricans attorneys that practice in both courts. And we have situations right now, and I know this for a fact, I'm not the only one in the Supreme Court of Puerto Rico that's been, there was a complaint against attorneys that practice in federal court for events that took place in the District Court of Puerto Rico. And instead of going to the Supreme Court and file a complaint, and they are entertaining those complaints when the District Court of Puerto Rico has exclusive jurisdiction. And this is, again, this is a very dangerous precedent, very dangerous, because this is a minefield. The whole purpose of the rules, professional conduct of the American Vow Association, the whole purpose is that there is uniformity all over the state, but also, eventually, to all the states, all the judiciary branch of the state. Right now, this is a situation that also, this is a situation that also creates a problem, because there are serious inconsistencies between the American Vow Association rules and the Puerto Rico Canon of Ethics. And I'll give you an example. One of the issues that is going to pop up eventually is attorney fees. In Puerto Rico, attorney fees belong to the client. But when you practice in federal court, attorney fees belong to the attorney. So if the attorney gets the money from the court, he is liable in the Supreme Court of Puerto Rico, because the attorney stays with the money, and the client is going to go over to the Supreme Court of Puerto Rico and say, hey, that money belongs to me, because according to your rules, attorney's fees belong to me. And this is just one example. There's many of them. And what is happening is, if there's no preemption, you're going to find situations where attorneys are going to be walking all the time in minefields. Now, the other things I would like to address is the rule two of this court regarding reciprocal disciplinary action. In my situation, all that's created regarding the standard of review, like for example, there was violation of due process, were mixed in my case. For example, the fact that the rules were misapplied in my case was an inherent due process violation. Another factor, the evidence that was used against me was perjured. And I'm making a reference to page one of the appendix. My client presented a statement that I did not communicate with him, that I promised to appeal the case, and that's not true. Later on, about six months later, my client presents a second statement that totally contradicts the first. And in that second statement, he filed another wireless invoice that showed that I was in communication with him. Not only that, he filed a complaint less than two weeks after my last communication with him by phone. So here we have a situation where the court used perjured testimony against me. And by definition, I understand that perjured testimony used against me is infirmity in the proof. But at the same time, using perjured testimony against me is not just only infirmity in the proof, but also a violation of due process. Now, the other thing that really struck me is, from the beginning, at page four, I made the Solicitor General's office aware that I was in a case in Florida. The events took place in Florida, and therefore, they did not have jurisdiction. And this is at page four. Early, early in the process against me, I made them clear, I made them aware that all of the events took place in Miami, and therefore, Miami was the only court that could exercise original first instance jurisdiction. What could happen is that a district in Florida, supposing that they found against me, they could refer the case to the Supreme Court, and the Supreme Court could have reciprocal jurisdiction like this court does. But in the first instance, never does the Supreme Court have jurisdiction. Now, another thing that really concerns me is the fact that during the entire process, when you look at the decision of the Supreme Court, they may find this a fact. There are nowhere, nowhere in the record, and I'll give you an example. There's a description of, I filed a motion to asking for a state proceeding and leave, and this is important, leave to file a motion for re-amendment. The solicitor general, the commissioner, and the Supreme Court, they did not read correctly my motion. They assumed that I was asking for a state while I was filing a motion to re-amend, and that's not correct. The correct is, the correct situation is that I asked for permission to file a re-amend, and I never got it. That's why I did not do it, ran out of time. Any questions? Thank you. Thank you. Thank you very much. Just one last thing, Your Honor. It's been two years. I've been suspended, and I think that's enough punishment for a case that under Florida law, they didn't have a cause of action. And the case was dismissed without prejudice. They could have filed again, especially the lady, because she has a mental incapacity, and the statute of limitations do not run. Thank you. Thank you, Counselor.